01

02

03

04

05

06                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
07                            AT SEATTLE

08  PAUL W. DRIGGERS,

09                           Plaintiff,          Case No.   C11-1630-JCC-MAT

10          v.

    JOHN DOE I, S.I.S. Lieutenant, FDC SeaTac,   REPORT AND RECOMMENDATION
11  et al.,

12                          Defendants.

13

14               INTRODUCTION AND SUMMARY CONCLUSION

15          This is a civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics*

16  *Agents*, 403 U.S. 388 (1971).   Plaintiff Paul Driggers originally filed this action in the United

17  States District Court for the Western District of Oklahoma alleging violations of his

18  constitutional rights by three employees of the Federal Bureau of Prisons and three federal

19  agencies.   Plaintiff's claims against one of the six original defendants, John Doe I, was

20  subsequently transferred to this District pursuant to 28 U.S.C. § 1631.

21          After receiving the case, this Court conducted an initial screening of plaintiff's claims

22  against John Doe I and found them to be deficient.   The Court therefore declined to serve the

REPORT AND RECOMMENDATION
PAGE - 1

01    complaint and granted plaintiff leave to file an amended complaint curing specified

02    deficiencies. Plaintiff thereafter filed an amended complaint in which he identified two

03    defendants: John Doe I and the Federal Bureau of Prisons. This Court ordered the amended

04    complaint served on the Federal Bureau of Prisons and the United States has now filed a motion

05    to dismiss.[1] Plaintiff has filed a response to the motion to dismiss and the United States has

06    filed a reply brief in support of its motion. The Court, having reviewed the pending motion to

07    dismiss, and the balance of the record, recommends that the motion to dismiss be granted and

08    that plaintiff's amended complaint and this action be dismissed with prejudice.

09    BACKGROUND

10       Plaintiff filed his original complaint in the United States District for the Western

11    District of Oklahoma on August 9, 2010. (Dkt. No. 1.) Plaintiff identified the following six

12    defendants in his complaint: (1) A. Clark, a Special Housing Unit ("SHU") Lieutenant

13    employed at the Bureau of Prisons ("BOP") at the Federal Transfer Center ("FTC") in

14    Oklahoma City; (2) John Doe I, an SIS Lieutenant responsible for classifying new inmates at

15    FDC SeaTac; (3) John Doe II, a housing assignment officer at FTC Oklahoma City; (4) the

16    Federal Bureau of Prisons; (5) the National Crime Information Center ("NCIC") of the Federal

17    Bureau of Investigation ("FBI"); and, (6) the United States Probation Office ("USPO") in

18    Phoenix, Arizona. (*See id.* at 6-7.) Plaintiff alleged in his complaint that in "about June

19    2008," while confined at FDC SeaTac, John Doe I, learned of plaintiff's prior KKK

20    membership, arbitrarily determined that the KKK was a gang, and falsely designated plaintiff

21

22       1 The complaint was not ordered served on John Doe I because plaintiff failed to provide sufficient
identifying information to permit the Court to effectuate service on that defendant.

REPORT AND RECOMMENDATION
PAGE - 2

01  as "gang affiliated."  (Dkt. No. 1 at 8.)  Plaintiff asserted that John Doe I's actions violated

02  due process.  (*See id*. at 8 and 10.)  Plaintiff further alleged in his complaint that prior to John

03  Doe I's alleged misconduct, plaintiff had attempted to persuade both the USPO in Phoenix,

04  Arizona and the FBI-NCIC – the sources of John Doe I's information concerning plaintiff's

05  KKK affiliation – to delete or redact the information as irrelevant and unfairly prejudicial.  (*Id*.

06  at 8-9.)

07       Plaintiff also alleged in his complaint that John Doe I's "false labeling" caused him to

08  be placed in a room with Aryan Brotherhood gang members while he was confined at FTC

09  Oklahoma City in August 2008 and that he was physically assaulted and injured during this

10  incident.  (*Id*. at 9.)  Plaintiff alleged that almost two years later, in July 2010, while again

11  confined at FTC Oklahoma City, John Doe II assigned him to administrative segregation, and

12  placed him in a cell with an Aryan Brotherhood gang member, because of his KKK affiliation.

13  (*Id*.)  Plaintiff further alleged that when he complained to A. Clark about his housing

14  assignment defendant Clark denied relief "because [plaintiff] had been a Klansmen [sic]."

15  (*Id*.)  Plaintiff sought damages and injunctive relief in his original complaint.  (*Id*. at 11.)

16       Plaintiff's complaint was referred to United States Magistrate Judge Gary M. Purcell for

17  initial proceedings.  (Dkt. No. 6.)  After reviewing plaintiff's complaint, Magistrate Judge

18  Purcell issued a Report and Recommendation recommending that the action be dismissed

19  pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  (Dkt. No. 13.)  Magistrate Judge

20  Purcell concluded that plaintiff's claims against the three federal agencies should be dismissed

21  for failure to state a claim on the grounds that *Bivens* claims cannot be asserted against federal

22  agencies.  (*See* Dkt. No. 13.)  Magistrate Judge Purcell also concluded that plaintiff's claims

REPORT AND RECOMMENDATION
PAGE - 3

01 against John Doe I should be dismissed for lack of personal jurisdiction. (*Id*.)  Finally,

02 Magistrate Judge Purcell concluded that plaintiff's claims against A. Clark and John Doe II

03 should be dismissed for failure to state a claim for relief. (*Id*.)  Plaintiff filed objections to the

04 Report and Recommendation, but the Report and Recommendation was ultimately adopted by

05 United States District Judge Robin J. Cauthron.  (Dkt. Nos. 18 and 19.)

06       Plaintiff thereafter appealed the dismissal of his complaint to the United States Court of

07 Appeals for the Tenth Circuit.  (Dkt. No. 21.)  The Tenth Circuit affirmed the dismissal of

08 plaintiff's claims against the five defendants for failure to state a claim.  (Dkt. No. 29.)  The

09 Tenth Circuit also affirmed the decision that the Western District of Oklahoma lacked personal

10 jurisdiction over the sixth defendant, John Doe I, but remanded the case to the District Court for

11 a determination of whether plaintiff's claims against John Doe I should be transferred under 28

12 U.S.C. § 1631 rather than dismissed.  (*Id*.)

13       Following the remand, plaintiff filed a motion in the Western District of Oklahoma to

14 transfer his case pursuant to § 1631 in order to prompt the District Court to make the

15 determination required by the Tenth Circuit on remand.  (*See* Dkt. No. 31.)  On September 23,

16 2011, Magistrate Judge Purcell issued a Supplemental Report and Recommendation

17 recommending that plaintiff's due process claim against defendant John Doe I be transferred to

18 this District.  (Dkt. No. 33.)  Judge Cauthron adopted the Report and Recommendation and

19 the case was transferred to this District on September 30, 2011.  (Dkt. Nos. 34 and 35.)

20       After the case was received in this District, the undersigned conducted an initial

21 screening of plaintiff's claims against John Doe I and determined that plaintiff's complaint

22 contained two significant deficiencies which precluded the case from moving forward.

01 Accordingly, on October 31, 2011, this Court issued an Order declining to serve the complaint

02 and granting plaintiff leave to amend.  (Dkt. No. 38.)  The Court noted in its Order that

03 defendant John Doe I had not been identified with sufficient specificity to permit the Court to

04 effectuate service.  (*Id*. at 3.)  The Court explained that if it could not effectuate service, it

05 could not obtain jurisdiction over this individual.  (*Id*.)  The Court further noted that plaintiff

06 had not stated any viable claim for relief against defendant John Doe I.  (*Id*.)  Plaintiff was

07 granted thirty days within which to file an amended complaint curing the noted deficiencies.

08 (*Id*.)

09        On November 28, 2011, plaintiff filed his first amended complaint.  (Dkt. No. 39.)   In

10 that document, plaintiff identified John Doe I and the Bureau of Prisons as defendants in his

11 amended complaint.  (*Id*.)   Plaintiff reiterated therein his claims concerning John Doe I, but

12 failed to provide any further identifying information for this individual.  (*Id*.)   Plaintiff also

13 asserted claims against the BOP.   Specifically, plaintiff asserted that the BOP violated his First

14 and Eighth Amendment rights when BOP employees at FTC Oklahoma City had him placed in

15 segregation as a result of the information concerning plaintiff's prior KKK affiliation which

16 was improperly placed in his prison file by John Doe I.   (*Id*.)

17        After reviewing plaintiff's first amended complaint, this Court ordered that the

18 complaint be served on the BOP.  (Dkt. No. 41.)   The Court was unable to serve the amended

19 complaint on defendant John Doe I because of the lack of identifying information.   On April 5,

20 2012, the United States filed the pending motion to dismiss.  (Dkt. No. 46.)  Plaintiff filed a

21 response in opposition to the government's motion to dismiss and the United States filed a reply

22 brief in support of its motion.  (Dkt. Nos. 52 and 53.)  The motion to dismiss is now ripe for

REPORT AND RECOMMENDATION
PAGE - 5

01 review.

02 <u>DISCUSSION</u>

03      The United States argues in its motion to dismiss that the claims against John Doe I

04 must be dismissed because (1) this Court lacks personal jurisdiction over John Doe I; (2)

05 plaintiff failed to exhaust his administrative remedies for his claim against John Doe I; and, (3)

06 plaintiff's claims against John Doe I are barred by qualified immunity.   The United States

07 further argues that plaintiff's claims against the BOP must be dismissed because the claims

08 were previously dismissed and raising the claims again exceeds the scope of the Tenth Circuit's

09 remand order.

10 <u>Defendant John Doe I</u>

11      The United States first argues in its motion to dismiss that plaintiff's claim against John

12 Doe I must be dismissed because this Court lacks personal jurisdiction over this individual.

13 The United States is correct.

14      Plaintiff has identified John Doe I as a Special Investigative Supervisor ("S.I.S.")

15 responsible for classifying new inmates at the Federal Detention Center in SeaTac,

16 Washington.   (*See* Dkt. No. 1 at 7.)   This Court advised plaintiff in its Order declining to serve

17 his complaint and granting him leave to amend that John Doe I had not been identified with

18 sufficient specificity to allow the Court to effectuate service and that, without service, the Court

19 could not obtain jurisdiction over this individual.   The Court further advised plaintiff that if he

20 wished to proceed with this action, he would have to provide the Court with more specific

21 identifying information for John Doe I.

22      Plaintiff's amended complaint did not contain any additional identifying information

REPORT AND RECOMMENDATION
PAGE - 6

01  for John Doe I.   In a letter received by the Court on the same date as the amended complaint,

02  plaintiff informed the Court that he had no way to obtain the name of John Doe I but that he had

03  sent a letter to the United States Attorney's Office for the Western District of Washington

04  requesting information regarding John Doe I.   (Dkt. No. 40.)   Plaintiff indicated that he had

05  not received a response from United States Attorney's Office and he requested that this Court

06  urge the United States Attorney's Office to provide the requested information.   (*Id.*)   As it is

07  not the responsibility of the United States Attorney's Office to identify plaintiff's defendants

08  for him, the Court denies plaintiff's request.

09      It is clear at this juncture that plaintiff is unable to identify defendant John Doe I with

10  sufficient specificity to allow the Court to effectuate service.   Because the Court is unable to

11  serve John Doe I, the Court has no personal jurisdiction over this defendant.   *See Omni v.*

12  *Capital Intern,. Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).   Accordingly,

13  plaintiff's claims against John Doe I must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for

14  lack of personal jurisdiction.[2]

15                    <u>Defendant Bureau of Prisons</u>

16      The United States argues that plaintiff's claims against the BOP must also be dismissed

17  because plaintiff is attempting to resurrect claims that were previously dismissed and the claims

18  exceed the scope of the Tenth Circuit's remand order.   Again, the United States is correct.

19      Plaintiff appears to assert in his amended complaint that the BOP violated his First

20  Amendment right to freedom of speech and association and his Eighth Amendment right to be

21

22          2   Because the Court agrees that it lacks personal jurisdiction over John Doe I, the Court need not address
the remaining arguments presented in the motion to dismiss urging dismissal of the claims against John Doe I.

REPORT AND RECOMMENDATION
PAGE - 7

01   free from cruel and unusual punishment.  Plaintiff asserted identical claims in his original

02   complaint.  The Western District of Oklahoma dismissed plaintiff's claims against the BOP,

03   and two other agencies, on the grounds that Congress had not extended the *Bivens* remedy to

04   federal agencies and, thus, that plaintiff could not bring a *Bivens* action again any of the named

05   federal agencies.  (*See* Dkt. No. 13.)  The Tenth Circuit upheld the dismissal and remanded

06   the case only for a determination as to whether the claims against John Doe I should be

07   dismissed without prejudice or transferred.

08        Plaintiff appears to argue in his response to the motion to dismiss that the claim asserted

09   against the BOP in his amended complaint is different from the claims asserted in his original

10   complaint and that it should therefore be permitted.  (*See* Dkt. No. 52.)  Plaintiff also

11   emphasizes that he has amended his request for relief, requesting only prospective relief in the

12   form of an injunction precluding the BOP and its employees from considering the fact of

13   Driggers' past political history or KKK involvement for any purpose, including housing and

14   programming.[3]

15        Despite plaintiff's attempt to distinguish the claims asserted in his amended complaint

16   from those asserted in his original complaint, the claims are essentially the same; *i.e.*, reference

17   to plaintiff's KKK affiliation in his BOP record violates his First and Eighth Amendment rights.

18   This Court concurs with the United States that plaintiff should not be permitted to reassert

19   claims that were previously dismissed and the which were not a part of the very limited remand

20   by the Tenth Circuit.

21

22        ───────────────
        3  Plaintiff had requested in his original complaint that defendants delete from their records references to
   plaintiff's KKK affiliation.

REPORT AND RECOMMENDATION
PAGE - 8

01      Moreover, this remains a *Bivens* action and it remains the case that the BOP is an agency

02  of the United States and, thus, is not subject to suit under *Bivens*.   *See FDIC v. Meyer*, 510 U.S.

03  471, 486 (1994).   Even assuming plaintiff had identified in his amended complaint a viable

04  basis for this Court's jurisdiction over a claim for prospective relief against the BOP, plaintiff's

05  claims against the BOP appear to arise solely out of his claims of alleged unconstitutional

06  conduct by John Doe I and BOP employees at FTC Oklahoma.   Plaintiff's claims against the

07  FTC Oklahoma employees did not pass muster with either the Western District of Oklahoma or

08  the Tenth Circuit, and plaintiff failed to allege any viable cause of action against John Doe I in

09  this case.[4]   Accordingly, plaintiff's claims against the BOP should be dismissed pursuant to

10  Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

11                                      <u>CONCLUSION</u>

12      For the reasons set forth above, this Court recommends that the motion of the United

13  States to dismiss plaintiff's claims against John Doe I and the BOP be granted.   The Court

14  further recommends that plaintiff's amended complaint, and this action, be dismissed with

15  prejudice.   A proposed order accompanies this Report and Recommendation.

16      DATED this <u>13th</u> day of July, 2012.

17

18                                      _____
                                        Mary Alice Theiler
19                                      United States Magistrate Judge

20

---

21      4 It is noteworthy that while plaintiff seeks to enjoin the BOP from considering the fact of his prior KKK
    affiliation for any purpose in the future, he appears to concede that the only occasions on which this information
    has been used to his detriment were the two occasions when he was confined at FTC Oklahoma in August 2008
22  and July 2010.   There is nothing to suggest that this information has presented any sort of ongoing problem for
    plaintiff while in BOP custody.

REPORT AND RECOMMENDATION
PAGE - 9